# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5758 | **DATE** | 7/6/2000 |
| **CASE TITLE** | Peter V. Smilde vs. Charles O. Rossotti et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The Government's motion to dismiss [11-1] is granted in part and denied in part. Count I of Smilde's complaint is dismissed and Count III is dismissed in part. Plaintiff is instructed to file an amended complaint consistent with this court's opinion by 7/28/00.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 7-10-00 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PETER V. SMILDE, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) No. 99 C 5758 ) |
| CHARLES O. ROSSOTTI, COMMISSIONER, U.S. INTERNAL REVENUE SERVICE, LAWRENCE H. SUMMERS, SECRETARY, U.S. DEPARTMENT OF THE TREASURY, and THE UNITED STATES OF AMERICA, | ) Honorable Wayne R. Andersen ) ) ) ) ) ) ) |
|       Defendants. | ) |

DOCKETED JUL 10 2000

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on the Fed. R. Civ. P. 12(b)(1) and 12(b)(6) motion to dismiss plaintiff's action for lack of jurisdiction and for failure to state a claim upon which relief can be granted brought by the United States of America. For the following reasons, defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff, Peter Smilde, filed the instant complaint against the commissioner of the Internal Revenue Service ("IRS"), the Secretary of the Treasury and the United States of America. Plaintiff seeks a return of allegedly erroneous tax payments in the amount of $1,937.80, answers to his requests for information allegedly made pursuant to the Freedom of Information Act ("FOIA"), and equitable relief enjoining the IRS from sending duplicate notices and correspondence. Plaintiff also asks that we cite the Commissioner of the U.S. Internal

15

Revenue Service and the Secretary of the U.S. Treasury Department for contempt for a violation of the provisions of 5 C.F.R. 2635.101(b)(9) and (11), and order them to reimburse the American taxpayers the excess costs determined to exist in response to plaintiff's FOIA request. Further, plaintiff requests that we certify his action a class action under Fed. R. Civ. P. 23 and provide him a reasonable attorney's fee.

## DISCUSSION

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests whether the plaintiff has stated a claim, not whether the plaintiff will prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir.1997). The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

I. Count I–Refund of Taxes

Plaintiff alleges that his taxes were erroneously computed because the IRS collected taxes on his unemployment compensation. Smilde alleges that the 1994 amendments to 26 U.S.C. § 3304(a)(4) mandate that unemployment compensation not be counted as part of taxable income until after December 31, 1996, and thus, he should not have paid taxes on the sums he collected.

In 1994, 26 U.S.C. § 3304(a)(4)(C) was amended to allow money withdrawn from the unemployment fund of a State to be used to pay for the "withholding of Federal, State or local individual income tax, if the individual elected to have such deduction made and such deduction

was made under a program approved by the Secretary of Labor." 26 U.S.C. § 3304(a)(4)(C). Evidently, plaintiff has interpreted this amendment as allowing the IRS to include unemployment compensation within the calculation of gross income.

Plaintiff has misread the statute. As the Government notes, 26 U.S.C. § 85(a) states that "in the case of an individual, gross income includes unemployment compensation." Section 3304 has no connection to the computation of individual tax liability, it deals with many particulars of the manner in which a state law shall be administered. However, there is no provision exempting the income that plaintiff received as unemployment compensation from gross income. Therefore, plaintiff cannot rely on section 3304 to support his claim that the IRS erroneously calculated his income.

Plaintiff also contends that the IRS has illegally instituted a lien on "the proceeds of all stated refunds to which plaintiff was entitled on the 1994 return." (Complaint p. 2). Because the IRS correctly calculated his gross income, however, plaintiff owed those sums in back taxes. Therefore, the IRS is entitled to use his overpayment for 1994 to cover the deficiency in his payments stemming from his omission of unemployment compensation as part of his taxable income for 1993, 1994 and 1995.

The provisions of the Unites States Code which plaintiff cites cannot support his interpretation. Therefore, as a matter of law plaintiff has failed to state a claim upon which relief may be granted. Count I of plaintiff's complaint is dismissed.

II.   <u>Count II–FOIA Request</u>

In Count II, plaintiff alleges that he requested information pertaining to an alleged 4.3 billion dollars of missing IRS funds. Plaintiff states that he made written requests for disclosures

3

on September 5, 1997, and May 20, 1998, pursuant to FOIA. Further, plaintiff alleges personal interest and standing as a taxpayer in the alleged mismanagement of federal funds and requests that we certify a class of taxpayers on this issue.

The FOIA confers jurisdiction on the district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). Jurisdiction is "dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records'." Kissinger v. Reporters Committee for Freedom of Press, 445 U.S. 136, 150 (1980). Unless each of these criteria is met, a district court lack jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirement. United States Department of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989).

The Government contends that plaintiff has failed to name a proper party. We agree. Neither the heads of agencies, nor the United States of America are proper party defendants under the FOIA Ott v. Levi, 419 F.Supp. 750 (E.D.Mo. 1976); Gary Energy Corp. v. United States Department of Energy et al., 89 F.R.D. 675, 676 (D. Colo. 1981). However, to dismiss the entire case would frustrate the goals of the FOIA, therefore, plaintiff is granted leave to amend Count II of his complaint to name the proper party. Id. Charles O. Rossotti, Lawrence H. Summers, and the United States of America are dismissed from this action.

III.     Count III–Ethics in Government Act

Plaintiff's third count alleges that the IRS mails multiple identical forms to him and other taxpayers and requests that "defendant Commissioner of the U.S. Internal Revenue Service and Secretary of the U.S. Treasury Department be cited for contempt for a violation of the provisions of 5 C.F.R. 2635.101(b)(9), (11); and that they reimburse the American taxpayers (U.S.

4

Treasury) the excess cost determined to exist in response to plaintiff's FOIA request dated May 20, 1998." (Complaint p. 6). Further, plaintiff requests that we restrain the IRS from sending out duplicate notices to the American taxpayers.

The Government argues that plaintiff has failed to state a claim upon which relief may be granted because we do not have jurisdiction to restrain the assessment or collection of any tax. 26 U.S.C. § 7421. We agree, and we must dismiss the portion of this Count requesting that we restrain the IRS from sending out notices to American taxpayers. <u>Barmes v. United States</u>, 199 F.3d 386, 390 (7th Cir. 1999). However, plaintiff's allegations of an unanswered FOIA request cannot be dismissed based on the motion before the court.

## CONCLUSION

The Government's motion to dismiss is granted in part and denied in part. Count I of Smilde's Complaint is dismissed and Count III is dismissed in part. Plaintiff is instructed to file an Amended Complaint consistent with this court's opinion by July 28, 2000.

It is so ordered.

                                                              Wayne R. Andersen
                                                              United States District Judge

Dated: July 6, 2000