Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5758 | **DATE** | 5/1/2002 |
| **CASE TITLE** | Peter Smilde vs. Charles O. Rossotti et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) is granted. All pending motions are denied as moot. This case is now terminated. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 03 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 32 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER V. SMILDE, | ) | **DOCKETED** |
| Plaintiff, | ) | MAY 0 3 2002 |
| v. | ) No. 99 C 5758 | |
| CHARLES O. ROSSOTTI, COMMISSIONER, U.S. INTERNAL REVENUE SERVICE, LAWRENCE H. SUMMERS, SECRETARY, U.S. DEPARTMENT OF THE TREASURY, and THE UNITED STATES OF AMERICA, | ) Wayne R. Andersen<br>) District Judge | |
| Defendants. | ) | |

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on the motion of the defendants to dismiss the plaintiff's complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the defendants' motion is granted.

### BACKGROUND

In 1999, Peter Smilde filed a complaint in which he named the commissioner of the Internal Revenue Service ("IRS"), the Secretary of the Treasury and the United States of America as defendants to his complaint. Smilde requested the following relief: 1) a return of allegedly erroneous tax payments in the amount of $1,937.80; 2) answers to his requests for information allegedly made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and 3) equitable relief enjoining the IRS from sending duplicate notices and

correspondence. Plaintiff has also asked that the commissioner of the IRS and the Secretary of the Treasury be cited for contempt for violating the provisions of 5 C.F.R. § 2635.101(b)(9) and (11), which set forth the standards of ethical conduct for employees of the executive branch, and that an order be entered directing them to reimburse the American taxpayers for the excess costs determined to exist as a consequence of plaintiff's FOIA request. Further, plaintiff requested his action be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure and that the Court award him a reasonable attorney's fee.

On July 6, 2000, this Court granted the defendants' motion to dismiss Count I of the plaintiff's complaint, in which he alleged that the IRS erroneously collected taxes on his unemployment compensation, because the tax code is quite explicit that gross income includes unemployment compensation. *See* 26 U.S.C. § 85(a). We also partially dismissed Count III of the complaint, in which the plaintiff requested that we restrain the IRS from sending out multiple notices to American taxpayers because we concluded we did not have jurisdiction to restrain the assessment or collection of any tax. *See* 26 U.S.C. § 7421. Additionally, we instructed the plaintiff to file an amended complaint to address our concerns regarding the procedural posture of this case. Specifically, we granted plaintiff leave to amend Count II of his complaint in order to name the proper party.

Instead, Smilde chose to file an untimely appeal to the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit dismissed the plaintiff's appeal for lack of jurisdiction since we had not yet entered a final Rule 58 judgment. *See Smilde v. Rossotti*, No. 00-3283, slip op. at 1 (7th Cir. Dec. 15, 2000).

The plaintiff subsequently filed a motion for a finding of contempt of court against the defendants and for a judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure for defendants' failure to comply with the plaintiff's FOIA requests. In denying the plaintiff's motions, we explained that the Court had never ordered the defendants to comply with plaintiff's requests for document disclosure pursuant to the FOIA and that it would be inappropriate to find the defendants in contempt of this Court's order since we had not ordered or directed the defendants to do or produce anything. We further stated that we could not grant the plaintiff's request for a final judgment because our July 6, 2000 opinion did not deny the plaintiff all relief he could potentially receive by means of his complaint.

On November 8, 2001, we set a briefing schedule to resolve the defendants' pending motion to dismiss. That order offered plaintiff the opportunity to either file an amended complaint by December 11, 2001 and address the procedural concerns we raised in our July 6, 2000 opinion or respond to defendants' renewed motion to dismiss.

Since that time, plaintiff has failed to file an amended complaint with this Court or respond to defendants' motion to dismiss by the dates specified in the November 8, 2001 order. Accordingly, this Court will address the merits of defendants' motion without the benefit of the plaintiff's views on the subject. *See* N.D. Ill. R. 78.3.

### DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint.

*Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

## I. The Freedom of Information Act

In his complaint, Smilde has alleged that he requested FOIA information, through written requests for disclosures on September 5, 1997, and May 20, 1998, regarding approximately $4.3 billion dollars in appropriated funds to the IRS which, according to the plaintiff, cannot be accounted for. Further, plaintiff has alleged that he has a personal interest in the FOIA request and that, as a result, he has standing as a taxpayer to challenge the alleged mismanagement of federal funds. He has also requested that we certify a class of taxpayers to address his claims regarding the allegedly mishandled funds.

As a general principle, Congress enacted the FOIA "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Chicago Tribune Co. v. U.S. Dept. of Health and Human Services*, 1997 WL 1137641, at *11 (N.D. Ill. March 28, 1997)(quoting *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S.Ct. 2311 (1978)). The FOIA furthers this purpose by affording the public greater access to government records. *Department of Air Force v. Rose*, 425 U.S. 352, 365-66, 96 S.Ct. 1592 (1976).

Jurisdiction to force an agency to comply with the FOIA's disclosure requirements is conferred on a federal district court only when a plaintiff has established that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" *U.S. Dept. of Justice v. Tax Analysts*,

4

492 U.S. 136, 142, 109 S.Ct. 2841 (1989)(citing *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150, 100 S. Ct. 960 (1980)). Once this prima facie case has been made, the burden then shifts to the agency to "demonstrate, not the requestor to disprove, that the materials sought are not agency records or have not been improperly withheld." *Id.* Smilde has failed to allege that we have jurisdiction to hear this dispute because he has not made the initial showing in his complaint that the information he has requested actually constitutes "agency records."

Agencies are not required to create records in order to respond to FOIA requests. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 162, 95 S. Ct. 1504 (1975). "[FOIA] only requires disclosure of certain documents which the law requires the agency to prepare or which the agency has decided for its own reasons to create." *Id.* Furthermore, the agency records must be in the possession or control of the agency at the time of the request. *Chicago Tribune Co. v. U.S. Dept. of Health and Human Services*, 1997 WL 1137641, at *16-17 (N.D. Ill. March 28, 1997).

Based upon a careful review of the allegations of his complaint, we agree with the defendants that Smilde's requests for records are actually substantive questions regarding IRS operating procedures improperly labeled as FOIA requests. Plaintiff's letters to the IRS dated September 5, 1997 and May 20, 1998 simply asked the IRS to state "in what manner" operating funds were used during fiscal year 1992. Nowhere in the purported FOIA request did the plaintiff actually request that specific documents be produced. Rather, plaintiff sought both abstract information as well as answers to pointed questions concerning how the IRS spent certain appropriated funds. This is not the type of "agency record" the Supreme Court

had in mind when it decided *Tax Analysts*. Therefore, since the plaintiff has failed to allege that the requested information exists in the form of agency records in the possession of the defendants, we conclude that Smilde has failed to bring a claim under the FOIA which confers jurisdiction on this Court. Accordingly, the motion to dismiss for lack of subject matter jurisdiction is granted.

## II.     Request for Damages and Attorney's Fees

Because Smilde has failed to establish that this Court has jurisdiction to hear his FOIA case, the Court will not address his request for damages and award of attorney's fees under the FOIA.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted. All pending motions are denied as moot. This case is now terminated. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: May 1, 2002